UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESILIENT LIFE CARE, LLC,

    Plaintiff,

-v-

GEICO INDEMNITY COMPANY,

    Defendant.

Case No.  2:22-cv-12381
State Court Case No. 22-000830-NF

_____/

| MARTIN A. HOGG (P76312) | JAMES C. WRIGHT (P67613) |
|---|---|
| Miller & Tishler, P.C. | CRISTY M. DEVOS (P75621) |
| Attorney for Plaintiff Resilient | Zausmer, P.C. |
| 28470 W. 13 Mile Road, Suite 300 | Attorney for Defendant Geico |
| Farmington Hills, MI 48334 | 32255 Northwestern Highway, Ste 225 |
| (248) 945-1040 Fax: (248) 536-5042 | Farmington Hills, MI  48334-1574 |
| mhogg@msapc.net | (248) 851-4111 Fax: (248) 851-0100 |
|  | cdevos@zausmer.com |

_____/

**NOTICE OF FILING REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

TO:   The United States District Court
        Judges of the Above Court

NOW COMES, Defendant herein GEICO Indemnity Company, by and through undersigned attorneys, and pursuant to 28 U.S.C.A. § 1332, 1441, and 1446,

{04543080}

herewith files the within Notice of Removal pursuant to said statutes for the following reasons:

1. That on or about June 30, 2022, there filed, and is now pending in the Circuit Court for the County of Washtenaw, State of Michigan, a certain Complaint in civil action bearing Civil Docket No. 22-000830-NF in which Resilient Life Care, LLC is Plaintiff and your Defendant, GEICO Indemnity Company, is Defendant. (**Exhibit A** - Complaint).

2. That Plaintiff's complaint seeks damages in the amount of Two Hundred Fourteen Thousand Sixty-One ($214,061.00) Dollars. (**Exhibit A** ¶10)

3. Defendant GEICO was served with this Complaint on September 8, 2022 and subsequently the time for removal under 28 § 1446(a) has not passed. (**Exhibit B** – Notice of Service of Process).

4. As such, pursuant to 28 U.S.C.A. § 1446(a), 28 U.S.C.A. § 1446(b) and 28 U.S.C.A. § 1446(c) said action is a suit at common law of a civil nature, and the amount claimed, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5. Defendant here with shows that said action involves a controversy with complete diversity of citizenship between citizens of different states and that Defendant affirmatively states that:

    a. Plaintiff was, at the commencement of this action, is now and ever since has been a corporation duly created and organized by and under the laws of the State of Kentucky with its principal place of business in Kentucky and by virtue of said organization, was and is a resident and citizen of the State of Kentucky.

    b. Your Defendant was, at the commencement of this action, is now and ever since has been a corporation duly created and organized by and under the laws of the State of Maryland with its principal place of business in Maryland and by virtue of said organization, was and is a resident and citizen of the State of Maryland, and was not and is not a corporation created or organized under the laws of the State of Kentucky, and does not have its principal place of business in Kentucky, and was not and is not a citizen of the State of Kentucky.

    c. Your Defendant does not have its principal place of business in Kentucky, nor was it a citizen of the State of Kentucky at any time material hereto whatsoever. That the principal place of business of Defendant is within the State of Maryland at all times material hereto.

6. That, therefore, this is a controversy between citizens of the State of Kentucky, on the one hand, as corporate Plaintiff, and with complete diversity as to the corporate Defendant, who is a citizen of the State of Maryland, and

{04543080}

thus, the controversy is wholly between citizens of different states involving a controversy of more than Seventy-Five Thousand Dollars ($75,000.00) and that, with respect to said action, said action is one over which the District Court of the United States has been given original jurisdiction hereunder.

7. That the amount sued for and involved in the controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8. That a true and correct copy of this Removal has been filed with the Clerk of the Court for the Circuit Court for the County of Washtenaw, State of Michigan, and notice of the filing of the removal has been given to all parties as required by law. (**Exhibit C** – Notice of Removal).

9. That there is filed herewith, and reference is made hereto, and made a part hereof, a true and correct copy of all process and pleadings which have been served upon this Defendant in this action.

WHEREFORE, your Defendant, a Maryland corporation with its principal place of business in Maryland prays, by undersigned counsel, that it may effect removal of the within action from the Circuit Court for the County of Washtenaw, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

        Respectfully submitted,

        ZAUSMER, PC

        /s/ Cristy M. DeVos
        JAMES C. WRIGHT (P67613)
        CRISTY M. DEVOS (P75621)
        Attorney for Defendant GEICO
        32255 Northwestern Highway, Suite 225
        Farmington Hills, MI 48334
        248-851-4111
Dated: October 6, 2022    cdevos@zausmer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing document(s) was/were served upon all parties via first class mail by placing same in envelopes addressed to each of the attorneys of record at their respective addresses as disclosed on these pleadings on October 6, 2022.

        /s/ Miranda Winningham
        Miranda Winningham

{04543080}